**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

WALLACE A. GARDNER,                                                                                      PLAINTIFF
ADC #110784

v.                                                  5:14CV00035-KGB-JTK

ANTHONY JACKSON, et al.                                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District

1

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**I.    Introduction**

Plaintiff Wallace Gardner is a state inmate incarcerated at the Maximum Security Unit of the Arkansas Department of Correction (ADC). He filed this pro se action pursuant to 42 U.S.C. § 1983, alleging Defendants improperly placed him in behavior control for seventy-two hours without his needed medication. (Doc. No. 2) Plaintiff asks for monetary relief from Defendants Anthony Jackson, John Spears, Wukenya Richardson, and Johnathan Evans, officers at the Unit.

Pending before the Court is the Defendants' Motion for Summary Judgment, Brief in Support, and Statement of Facts (Doc. Nos. 17-19), to which Plaintiff filed a Response, Brief in Support and Statement of Facts (Doc. Nos. 20-22).

According to his Complaint, Defendant Evans ordered that Plaintiff be placed on behavior control on November 23, 2013, following a confrontation between the two. (Doc. No. 2, p. 4) Defendants Jackson and Spears ordered Plaintiff to pack his property, and told Plaintiff he could only keep a blanket and pair of boxers while on behavior control. (Id.) Defendant Richardson, who was in the control booth, refused Plaintiff's request to call her supervisor about getting his inhaler, which he needed to use two-three times a day. (Id.) Defendants Evans, Spears, and Jackson also

refused his request for his inhaler. (Id.) Defendants also denied Plaintiff his medication for "GERD", and their actions caused him to suffer pain in his chest, lungs, and stomach in violation of the Eighth Amendment. (Id.)

## II.     Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

### A.     Official Capacity Immunity

Despite Plaintiff's objection in Response (Doc. No. 21), the Court agrees with Defendants that the monetary claims against them in their official capacities should be dismissed, as barred by sovereign immunity. Will v. Michigan Dep't. of State Police, 491 U.S. 58, 65-66 (1989); Murphy v. State of Arkansas, 127 F.3d 750, 754 (8th Cir. 1997).

### B.     Qualified Immunity

#### 1.     Defendants' Motion

Defendants also ask the Court to dismiss Plaintiff's individual-capacity claims against them based on qualified immunity, stating that they did not violate Plaintiff's clearly-established right when they confiscated his inhaler, per ADC policy.  Defendants state Plaintiff did not need the inhaler or medication because nurses made regular rounds to inmate cells each day and Plaintiff could have informed the nurse or security staff if he needed medical attention, as he did on November 26, 2013, when he complained of chest pains.  In addition, Plaintiff testified in his deposition that he was placed on behavior control about 3:15 p.m. on November 23, 2013, that he received an inhaler later that night from medical personnel, and a second inhaler the next morning.  Furthermore, Defendants state that Plaintiff cannot show that he suffered any physical injury as a result of not having personal possession of the inhaler for a short period of time.  Finally, Defendants ask that Defendant Evans be dismissed because Plaintiff admitted in his deposition that Defendant Evans did not participate in the taking of his property.  Based on all the above, Defendants state that they were not deliberately indifferent to Plaintiff's serious medical needs so as to support an Eighth Amendment violation.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

#### 2.     Plaintiff's Response

Plaintiff states Defendants admitted in their discovery responses that they knew he had medical issues, and therefore, by disregarding his request for his inhaler, they deliberately acted to cause him harm.  He claims he could not exercise the sick call process while incarcerated in behavioral control, and that he "suffered a severe physical injury that has caused discomfort in his breathing till this date."  (Doc. No. 21, p. 6) He also claims he can challenge his conditions by showing that Defendants placed him in serious risk of a future injury, such as second-hand smoke

cases.

    **3.**    **Analysis**

Qualified immunity protects officials who act in an objectively reasonable manner, by shielding a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. Pearson v. Callahan, 555 U.S. 223, 232 (2009).[1] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

In order to support a claim for an Eighth Amendment violation, Plaintiff must prove that Defendants were deliberately indifferent to a serious medical need. Farmer v. Brennan, 511 U.S.

---

[1] Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

825, 834 (1994). However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (overruled in part on other grounds). Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulany, supra, 132 F.3d at 1240.

After reviewing the parties' submissions, the Court finds that Defendants did not violate Plaintiff's clearly-established constitutional rights, for the following reasons.

According to his deposition testimony, Plaintiff was placed in behavior control (without movement to a different cell) about 3:15 p.m. on November 23, 2013, after Evans became angry with him for requesting a roll of tissue. (Doc. No. 19-1, pp. 8-10)[2] Jackson took everything out of Plaintiff's cell except his blanket and boxers, and ignored Plaintiff's request to keep his medication. (Id., p. 11) A nurse came by his cell a couple of hours after the incident, and he told her his asthma was "kind of bothering him a bit" and asked her for an inhaler. (Id., p. 15) About 11 p.m. that evening, a different nurse brought Plaintiff an inhaler, and the first nurse brought him a second

---

[2]According to Defendant Spears' affidavit and the disciplinary charge filed against Plaintiff, Plaintiff struck Defendant Evans while Evans was picking up meal trays from his cell. (Doc. No. 19-2, p. 2; Doc. No. 19-3, pp. 2, 10-16).

6

inhaler about 8 a.m. the next day. (Id., p. 16, 18-19) During the time between he was first placed under behavior control and received the first inhaler, he suffered chest pains, but took slow deep breaths and drank warm water which "held him over." (Id., pp. 24-25)

Plaintiff claims Defendants were supposed to put his inhaler and medications in the control booth so that they could be accessed if he needed them. (Id., p. 26) He admitted that the Warden responded to his grievance by stating that behavior control policy requires that all personal property be removed from the cell in those situations and placed in the property room, and that medications are defined as personal property. (Id., pp. 47-48) He also admitted being familiar with the sick call process, and that he could submit a sick call form if he was having serious issues. (Id., p. 52)

Defendant Spears states in an affidavit that the behavior control policy, AD 2013-16, prohibits inmates from having personal property other than a sheet, blanket, and pair of boxers. (Doc. No. 19-2, p. 2; Doc. No. 19-3, p. 18) Although Plaintiff did not initially have possession of an inhaler, he did not need it because he could summon an officer to contact medical personnel. (Doc. No. 19-2, p. 3) Security log records show that a nurse visited Plaintiff at 6:05 p.m. on November 23, 2013, 11:40 a.m. on November 24, 2013, and 4:45 p.m. on November 25, 2013, at which times he voiced no complaints. (Id., pp. 3-4) Plaintiff was taken to the infirmary on November 26, 2013, after he reported complaints of chest pain, but his vital signs were stable, breathing clear, and heart sounds within normal limits. (Id., p. 4; Doc. No. 19-3, pp. 22-30)

Upon close review of the evidence in support of the Motion for Summary Judgment, the Court finds that Defendants acted reasonably under the circumstances. At most, their conduct could be considered negligent, but Plaintiff provides no evidence that they acted with deliberate indifference, that they denied him medical care on request, or that he suffered harm due to not having an inhaler for approximately eight hours. Plaintiff admitted in his deposition that he could

use the sick call process if needed, and he admitted he was provided with two inhalers to keep on his person. Furthermore, the medical records show that Plaintiff voiced no medical complaints until November 26, 2013, at which time he was taken to the infirmary for treatment. Based on the undisputed facts, no reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, established a violation of a constitutional or statutory right.

**III.    Conclusion**

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 17) be GRANTED, and Plaintiff's Complaint against Defendants be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 8th day of January, 2015.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE